UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

ASSOCIATED BUILDERS AND
CONTRACTORS, SAGINAW
VALLEY AREA CHAPTER, *et al.*,

    Plaintiffs,

*v.*

ROBERT W. SWANSON, ACTING
DIRECTOR, DEPARTMENT OF
LABOR & ECONOMIC GROWTH,
STATE OF MICHIGAN, *et al.*,

    Defendants.
_____/

CASE NO. 91-CV-10373

DISTRICT JUDGE DAVID M. LAWSON
MAGISTRATE JUDGE CHARLES BINDER

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION
ON STATE DEFENDANT'S MOTION TO DISSOLVE INJUNCTION**
(Dkt. 63)

## I. RECOMMENDATION

**IT IS RECOMMENDED** that the motion be **DENIED** due to the Court's lack of jurisdiction where the motion was not filed within a "reasonable time" as required by Rule 60(b)(5) of the Federal Rules of Civil Procedure.

## II. REPORT

### A. Introduction, Facts and Procedural Background

Pending, pursuant to an order of reference from U.S. District Judge David M. Lawson (Dkt. 76), is the above-entitled motion. Defendant Michigan Chapter of the National Electrical Contractors Association ("Michigan NECA") filed a concurrence (Dkt. 66), Plaintiffs filed a

response opposing the motion (Dkt. 80), and Defendants filed a reply (Dkt. 82). Oral argument was heard August 16, 2006. Pursuant to E.D. Mich. LR 7.1(e)(2), this motion is now ready for Report and Recommendation.

Plaintiffs originally commenced this action in 1991 seeking to permanently enjoin Defendants from enforcing two provisions of the Michigan Electrical Administrative Act ("the Act"), MICH. COMP. LAWS § 338.881, *et seq.*, as amended. The two provisions appear consecutively in the Act and have come to be known as the "equivalency requirement"[1] and the "ratio requirement."[2] The case was originally assigned to U.S. District Judge Robert Cleland. Plaintiffs argued that these two provisions were preempted by the Employee Retirement Income Security Act ("ERISA").[3] On April 24, 1992, Judge Cleland granted Plaintiffs' motion for summary judgment and enjoined the enforcement of these provisions. *See Associated Builders v. Perry,* 817 F. Supp. 49 (E.D. Mich. 1992). In the instant motion, Defendants argue that subsequent decisions by the United States Supreme Court and the Sixth Circuit constitute "significant

---

[1]This provision states:

> The department of labor shall issue a certificate of registration to a person seeking registration upon satisfactory proof of the persons' participation in a bona fide apprenticeship training program approved by the board. This program shall be equivalent to the requirements of those imposed by the United States department of labor bureau of apprenticeship and training, subject to subsection (3).

MICH. COMP. LAWS § 338.883e(2).

[2]This provision states:

> Except as otherwise provided in subsection (4), the ratio of electrical journeymen or master electricians to registered apprentice electricians shall be on the basis of 1 electrical journeyman or master electrician to 1 registered apprentice electrician. The department of labor or an enforcing agency shall enforce the ratio on a jobsite basis.

MICH. COMP. LAWS § 338.883e(3).

[3]Section 514(a) of ERISA provides that it "shall supersede any and all State laws insofar as they may now or hereafter relate to any employee benefit plan." 29 U.S.C. § 1144(a).

intervening change[s] in the case law," and, citing Rule 60(b)(5) of the Federal Rules of Civil Procedure, contend that in the words of the Rule, "it is no longer equitable that the judgment should have prospective application . . . ." (Dkt. 63 at 11.) Plaintiffs respond by arguing that subsequent case law supports the injunction issued by Judge Cleland and that, irrespective of the interpretation accorded subsequent cases, the Defendants' motion is untimely.

### B. Law and Analysis

### 1. Standard of Review

The applicable provisions of Rule 60 state:

> On motion and upon such terms as are just, the court may relieve a party or a party's legal representative from a final judgment, order, or proceeding for the following reasons: . . . (5) the judgment has been satisfied, released, or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application . . . . The motion **shall be made within a reasonable time**, and for reasons (1), (2), and (3), not more than one year after the judgment, order, or proceeding was entered or taken. A motion under this subsection (b) does not affect the finality of judgment or suspend its operation. This rule does not limit the power of a court to entertain an independent action to relieve a party from judgment, order, or proceeding . . . . Writs of *coram nobis, coram vobis, audita querela*, and bills of review and bills in the nature of a bill of review, are abolished, and the procedure for obtaining any relief from a judgment shall be by motion as prescribed in these rules or by an independent action.

FED. R. CIV. P. 60(b) (emphasis added).

The Supreme Court's most recent treatment of this rule appears in *Agostini v. Felton,* 521 U.S. 203, 117 S. Ct. 1997, 138 L. Ed. 2d 391 (1997). There, citing *Rufo v. Inmates of Suffolk County Jail*, 502 U.S. 367, 388, 112 S. Ct. 748, 116 L. Ed. 2d 867 (1992), the Court stated that the grant of a Rule 60(b)(5) motion is appropriate where there is "a significant change either in factual conditions or in law," and that in doing so, a court may recognize subsequent changes in either statutory or decisional law. *Agostini*, 521 U.S. at 215.

In this circuit:

"'The general purpose of Rule 60(b) . . . is to strike a proper balance between the conflicting principles that litigation must be brought to an end and that justice must be done.'" *Coltec Indus., Inc. v. Hobgood,* 280 F.3d 262, 271 (3d Cir. 2002) (quoting *Boughner v. Sec'y of Health, Educ. & Welfare,* 572 F.2d 976, 977 (3d Cir. 1978)).

*Charter Twp. of Muskegon v. City of Muskegon,* 303 F.3d 755, 760 (6th Cir. 2002). The Sixth Circuit has also instructed that motions filed under this rule are committed to the sound discretion of the court, noting:

Justice Blackmun, while a circuit judge, stated in connection with this part of Rule 60(b) that "caution, substantial change, unforeseenness, oppressive hardship, and a clear showing are the requirements." *Humble Oil v. American Oil Co.*, 405 F.2d 803, 813 (8th Cir. 1969), *cert. denied*, 395 U.S. 905, 89 S. Ct. 1745, 23 L. Ed. 2d 218 (1969).

*Olle v. Henry & Wright Corp.,* 910 F.2d 357, 364 (6th Cir. 1990). Citing with approval the analysis in *Moore's Federal Practice*, the court also pointed out that a Rule 60 proceeding will not suffice for anything more than relief from the judgment, because Rule 60 does not authorize a court to grant any affirmative relief. *Charter Twp. of Muskegon,* 303 F.3d at 762.

**2.    Parties' Arguments**

As noted above, motions filed under Rule 60(b)(5) must be brought "within a reasonable time." The one-year limitation applicable to other provisions of Rule 60(b) does not control. In fact, at least one circuit has held that a district court has no jurisdiction to consider Rule 60(b) motions not filed "within a reasonable time." *Nucor Corp. v. Nebraska Public Power District,* 999 F.2d 372, 374 (8th Cir. 1993).

In a case from this circuit considering the application of Rule 60(b)(6), to which the "reasonable time" requirement also applies, the court stated that this admittedly-flexible standard "ordinarily depends on the facts of the given case including the length and circumstances of the

4

delay, the prejudice to the opposing party by reason of the delay, and the circumstances compelling equitable relief." *Olle,* 910 F.2d at 365.

Defendants' brief supporting the instant motion is silent as to the issue of timeliness. Instead, as mentioned, it cites and analyzes a series of cases, the most recent of which was issued three years prior to the filing of this motion, which are said to justify Defendants' contention that the prospective application of Judge Cleland's injunction is no longer equitable.  In their response brief, Plaintiffs cite a series of cases that stand for the proposition that "the courts have not hesitated to deny the requested relief when the moving party has exhibited an unreasonable delay in seeking relief."  (Dkt. 80 at 28.)  Quoting a portion of the analysis appearing in Defendants' supporting brief, Plaintiffs contend that Defendants could have brought this motion as much as nine years earlier.  (*Id*. at 33-34.)

As mentioned, Defendants' reply brief is silent on the issue of timeliness.  During oral argument, however, in response to questions from the bench, the Assistant Attorney General representing Defendants contended that the "analytical shift" in the interpretation of ERISA's preemption clause which serves as the foundation of his substantive arguments was not confirmed and the "puzzle pieces" were not in place until the Ninth Circuit's ruling in *Associated Bldrs. & Contractors v. Nunn,* 356 F.3d 979 (9th Cir. 2004), a case involving California's private-sector apprenticeship regulations.  When asked why no appeal was filed from Judge Cleland's original injunction, he answered "I don't know," even though he acknowledged that Michigan's Attorney General vigorously prosecuted an appeal when, five years later, Judge Cleland again found other provisions of Michigan's labor statutes preempted by ERISA.  *See Associated Bldrs. & Contractors v. Perry,* 115 F.3d 386 (6th Cir. 1997) (*Perry II*).

5

During this colloquy, counsel for Defendants explained that all those involved at the time of Judge Cleland's injunction in this case, both within the Michigan Department of Labor and the Department of Attorney General, had retired. Counsel stated that he had previously been vaguely aware that provisions of Michigan's labor statutes had been declared unconstitutional, but he did not know any of the history prior to his appointment as head of the Labor Division of the Michigan Department of Attorney General. Counsel also stated that the current Chief of the Electrical Division of the Michigan Department of Labor had only been serving for only about three years. Referring to the instant motion, he then asserted that he promptly filed this motion once he was made aware of this matter late in 2005.

### 3. Discussion

At the threshold, I suggest that there is no longer any significant question as to whether the Michigan Attorney General has the authority to independently file a motion such as this. In *Perry II*, Judge Cleland found Michigan's Prevailing Wage Act unconstitutional. Michigan's Attorney General sought leave to intervene in an appeal from the ruling, even though neither Michigan's Governor nor the head of Michigan's Department of Labor approved. *See* 115 F.3d at 389. Citing the "broad authority" of the Michigan Attorney General to act on behalf of the people of the State of Michigan, the Sixth Circuit held that the Attorney General had independent standing, and granted him leave to intervene in the appeal. *See Perry II,* 115 F.3d at 391.

Turning to whether the Attorney General has acted within a "reasonable time," in *McCloud v. Gallery,* No. 90 Civ. 30 (KMW), 1992 WL 6199 (S.D.N.Y. Jan. 9, 1992) (unpublished), the court, in analyzing a state rule substantively identical to Federal Rule of Civil Procedure 60(b)(6), held that a "nearly two year[]" delay in raising a challenge to the attorney fee provisions of a judgment "can hardly be described as reasonable." *Id.* at *2. In *Hallmark Cards, Inc. v. JTK*

*Corp.,* No. CV-88-3890(RJD)*,* 1992 WL 118805 (E.D.N.Y. May 20, 1992) (unpublished), the court found that a delay of "almost 1 year" after the discovery of the facts supporting a motion by the defendant to reconsider an earlier judgment was not a "reasonable period of time" within the meaning of Rule 60(b)(5). *Id.* at *2. In *Nucor v. Nebraska Public Power District,* 999 F.2d 372 (8th Cir. 1993), the Eighth Circuit reversed the district court's grant of a motion for partial satisfaction of judgment in a rate dispute, concluding that a three and one-half year delay in filing the motion was untimely, and that as a result, the district court had no jurisdiction to entertain the motion in the first place. In *Lightfoot v Union Carbide Corp.,* No. 92 Civ. 6411(HB), 1997 WL 752357 (S.D.N.Y. Dec. 2, 1997) (unpublished), the court held that waiting three and one-half years after the dismissal of Plaintiff's earlier claim, and more than two years after a state court decision said to form the basis for Plaintiff's Rule 60(b)(5) motion, was not reasonable. *Id.*

A 1995 case from the Eastern District of California is analogous and instructive. In *United States v. Real Property Located at 12310 Short Circle, Nevada City, Nevada County, Cal.,* 162 F.R.D. 136 (E.D. Cal. June 1, 1995) ("*Short Circle*"), a judgment was entered in March 1991 forfeiting Defendant's title and interest in certain real property. Three and one-half years later, the Ninth Circuit issued a decision said by defendants to have affected a change in the law. They filed a motion under Rule 60(b)(5) for the return of the forfeited property arguing, as in this case, that a substantial change in the governing decisional law rendered the earlier judgment inequitable. A magistrate judge recommended the denial of the motion, stating:

> The change in law represented [by the Ninth Circuit case] took place long after the judgment in this case became final, specifically, three and one-half years after entry of the Final Judgment of Forfeiture, and is therefore not a sufficient basis for vacating the judgment.

7

*Id*. at 138. Plaintiffs in *Short Circle* also cited, in the alternative, *United States v. Halper*, 490 U.S. 435, 109 S. Ct. 1892, 104 L. Ed. 2d 487 (1989). As to that case, after citing Rule 60(b)(5), the magistrate judge concluded:

> Claimant's nearly five-year delay in filing this motion following the *Halper* decision cannot be said to have been within a "reasonable time," and claimant has presented no good cause for his delay.

*Short Circle*, 162 F.R.D. at 139. The court then explained the reasoning behind the conclusion:

> Either [the Ninth Circuit case] worked a significant change in the law, and is hence inapplicable to this long ago decided case, or it did not, and prior law which claimant could have utilized was in effect thereby rendering claimant's present motion inexcusably tardy. Under either argument, claimant's motion must fail.

*Id.* These recommendations were adopted by the district judge. *Id.*

Similar circumstances were also addressed in *R.C. v. Nachman,* 969 F. Supp. 682 (M.D. Ala. 1997). The Defendant Commissioner of the Alabama Department of Human Resources moved to modify or vacate a consent decree which had reformed the state's child welfare system for emotionally disturbed or abused children. As in both the instant case and *Short Circle, supra,* the defendant's Rule 60(b)(5) motion was predicated upon a change in the decisional law. Defendant in that case cited a United States Supreme Court ruling issued four years and three months prior to his Rule 60(b)(5) motion. After citing *Nucor, supra,* for the proposition that it would be an abuse of discretion to consider an untimely Rule 60(b)(5) motion, the court stated:

> The Court is aware of no extraordinary circumstance militating in favor of reaching the merits of defendant's 60(b)(5) motion. To the contrary, the equities of this case make the timing of defendant's motion appear that much more unreasonable. The defendant filed this motion only after all the benefits of settlement had inured to its favor. The defendant offered no explanation for its delay. The only reason that the Court can fathom for the defendant's tardy filing is a shift in the political winds. Such maneuvering does not warrant the Court's indulgence. *See Medcom Holding Co. v. Baxter Travenol Lab., Inc.,* No. 87C9853, 1993 WL 524226, at *2 (N.D. Ill. Dec. 10, 1993)

8

> (finding that 60(b) motion not filed within a reasonable time where defendant waited to file until such time as was strategically expedient).

*Id.* at 701. The court then concluded:

> Accordingly, the Court finds that defendant's argument that the consent decree should be vacated or modified because of a significant change in law is foreclosed by defendant's unreasonable delay in filing. *See V.T.A.*, 597 F.2d at 224 (district court's finding that sixteen-month delay was unreasonable was not an abuse of discretion); *Hallmark Cards, Inc. v. JTK Corp.*, No. CV-88-3890, 1992 WL 118805, at *2 (E.D.N.Y. May 20, 1992) (three-year delay unreasonable); *McCloud v. Lawrence Gallery, Ltd.*, No. 90 Civ. 30, 1992 WL 6199, at *2 (S.D.N.Y. Jan. 9, 1992) (two-year delay in filing 60(b)(5) motion unreasonable), *aff'd*, 970 F.2d 896 (2d Cir. 1992); *Fidelity State Bank, Garden City, Kan. v. Oles,* Civ. A. No. 89-1043-T, 1991 WL 105614, at *2 (D. Kan. May 23, 1991) (finding that two-year delay in filing unreasonable where defendant offers no explanation).

*Id.*

More recently, the Fourth Circuit found no abuse of discretion when the district court denied a Rule 60(b)(5) motion filed a year and a half after entry of the original judgment. *Garcia Financial Group, Inc. v. Virginia Accelerators Corp.*, 3 Fed. App'x 86 (4th Cir. 2001). In addition, the Sixth Circuit in *dicta* stated that a Rule 60(b)(5) motion filed ten months after the movant learned of the circumstances supporting the motion would be untimely. *Wilson-Simmons v. Compoli,* 42 Fed. App'x 754 (6th Cir. 2002).

While the principles set forth in these cases admittedly yield no bright-line test, applying them to the instant motion, I suggest, yields no other conclusion but that the instant motion is untimely within the meaning of Rule 60(b)(5). The primary United States Supreme Court cases cited in Defendants' brief in support of this motion were decided between nine and eleven years prior to the filing of this motion.[4] Court of Appeals' cases supporting Defendants' position were decided between three and six years prior to the filing of this motion. The most recent case cited

---

[4]*See* Defs.' brief in support (Dkt. 63 at vi.).

9

in Defendants' brief, which at oral argument was characterized as the case which cemented Defendants' analysis, was decided two years and three months prior to the filing of this motion.[5] This span of time, I suggest, is simply not "reasonable" within the meaning of Rule 60(b).

Applying the more general principles laid out in this circuit, particularly in the *Olle* case, I suggest, yields the same result. With regard to the circumstances underlying Defendants' motion, when asked why Defendants never appealed Judge Cleland's injunction, counsel simply didn't know. When pressed to explain the timing of this motion, counsel answered that both he and the head of the Michigan Department of Labor had only been in their positions for three years. These explanations at best ring hollow. Moreover, in light of the circuit precedent making clear that the Michigan Attorney General has the right to act on behalf of the people, independent of the wishes of either this state's governor or its executive departments, Defendants' invocation of the state's police powers and entreaties that this Court vacate an injunction which is said to thwart the will of the people as expressed by the Michigan legislature ring equally hollow.

As to prejudice, Defendants maintain that the equities favor the grant of their motion and that to do so would visit no prejudice upon the Plaintiffs. I suggest the Defendants have the equities reversed. As graphically explained by Plaintiffs' counsel during oral argument, the statutes enjoined by Judge Cleland have vitally important effects, particularly upon smaller electric contractors. By enjoining the "equivalency" requirement, the prior practice of allowing prospective electricians (apprentices) to learn the trade on the job under the supervision of journeyman or master electricians was allowed to continue. By enjoining the "ratio" requirement, electrical contractors were allowed to determine for themselves how many apprentices they would

---

[5]*Associated Builders & Contractors of Southern California v. Nunn,* 356 F.3d 979 (9th Cir. 2004). Although cited in Defendants' brief, it is not listed as a controlling authority.

10

take on.  Plaintiffs have relied upon the provisions of Judge Cleland's injunction for over a decade.  They have and are bidding for electrical work based upon the injunction.  Now, after waiting years, the Defendants ask the court to fundamentally change these practices with the stroke of a pen.  Such an action would not only summarily end the current training for many apprentices, it would as a practical matter force electrical contractors to completely alter their personnel and staffing plans and render invalid both current and prospective bids for new electrical work.  The prejudice to Plaintiffs attending the grant of this motion is, I suggest, clear, and none of the factors laid out in this circuit for the grant of a Rule 60(b) motion have been met by Defendants.

In summary, I suggest that the words of Judge De Ment in *R.C., supra*, apply equally here: "[t]he only reason that the Court can fathom for the defendant's tardy filing is a shift in the political winds.  Such maneuvering does not warrant the Court's indulgence." *R.C.*, 969 F. Supp. at 701.  I therefore suggest that Defendants' motion be denied.

## III.     REVIEW

The parties to this action may object to and seek review of this Report and Recommendation within ten (10) days of service of a copy hereof as provided for in 28 U.S.C. § 636(b)(1).  Failure to file specific objections constitutes a waiver of any further right of appeal.  *Thomas v. Arn*, 474 U.S. 140, 106 S. Ct. 466, 88 L. Ed. 2d 435 (1985); *Howard v. Sec'y of Health & Human Servs.*, 932 F.2d 505 (6th Cir. 1991); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).  The parties are advised that making some objections, but failing to raise others, will not preserve all the objections a party may have to this Report and Recommendation.  *Willis v. Sec'y of Health & Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers Local 231*,

829 F.2d 1370, 1373 (6th Cir. 1987). Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this Magistrate Judge.

                                                             s/ *Charles E. Binder*
                                                         CHARLES E. BINDER
Dated: October 26, 2006                      United States Magistrate Judge

## **CERTIFICATION**

I hereby certify that this Report and Recommendation was electronically filed this date, electronically served on John Canzano, David Masud, Dennis Raterink and Brian Swanson; served on Ann Neydon by first class mail; and served in the traditional manner on District Judge Lawson.

Date: October 26, 2006                       By     s/Jean L. Broucek
                                                                  Case Manager to Magistrate Judge Binder