UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

ASSOCIATED BUILDERS AND CONTRACTORS,
SAGINAW VALLEY AREA CHAPTER, a Michigan
Non-Profit Corporation; COLEMAN ELECTRIC,
INC., a Michigan Corporation; HOVEY ELECTRIC,
INC., a Michigan Corporation; HELM ELECTRIC,
INC., a Michigan Corporation,

        Plaintiffs,

v.                                                                                    Civil Number 91-10373-BC
                                                            Honorable Thomas L. Ludington

DEPARTMENT OF LABOR AND ECONOMIC
GROWTH; ROBERT SWANSON, Acting Director,
Department of Labor and Economic Growth, State
of Michigan;

        Defendants,

v.

NATIONAL ELECTRICAL CONTRACTORS
ASSOCIATION MICHIGAN CHAPTER,

        Intervenor-Defendant.
_____/

**ORDER SETTING FOR HEARING DEFENDANT DEPARTMENT
OF LABOR & ECONOMIC GROWTH'S OBJECTIONS
TO THE MAGISTRATE JUDGE'S REPORT & RECOMMENDATION**

In 1992, the State of Michigan was ordered to refrain from enforcing a state statute because this Court concluded that federal law preempted the state statute. In 2006, Defendant Department of Labor and Economic Growth of the State of Michigan (DLEG) sought a further declaratory determination, citing a change in the judicial application of federal law that allegedly eliminated any basis for preemption of the Michigan legislation.

The 1992 decision of this Court involved Plaintiffs Coleman, Hovey, and Helm, electrical contractors, and Plaintiff Associated Builders, a trade organization that provides instruction and training to apprentice electricians; Defendant Department and its acting direct, Defendant Robert Swanson substituted for the then-appropriate state entities; and Defendant-Intervenor National Electrical Contractors Association. Plaintiffs challenged particular amendments to the Michigan Electrical Administrative Act of 1956 (MEAA), Mich. Comp. Laws § 338.881 *et seq*., contending that the Employee Retirement Income Security Act (ERISA), 29 U.S.C. § 1001, *et seq*., operated to preempt the state statute. Because at that time "[n]either the Supreme Court nor the Court of Appeals for the Sixth Circuit ha[d] had occasion to consider [the issue]," this Court relied on a decision from the Eight Circuit to conclude that ERISA did preempt the state statute. *Associated Builders & Contractors, Saginaw Valley Area Chapter v. Perry*, 417 F. Supp. 49, 51 (E.D. Mich. 1992). The Court further stated that courts must honor Congress's clear intent to preempt state laws, although "[t]he Court [was] inclined to agree that the regulation of [occupational training and public safety was] an exercise of traditional state regulatory power . . . ." *Id*. at 53. In a separate judgment, the Court ordered the state to "refrain from enforcing" the challenged amendments of the MEAA. *See* [dkt #30].

On May 5, 2006, Defendant DLEG filed a motion to dissolve the injunction. Defendant DLEG argues that post-1992 decisions from the Supreme Court and the Courts of Appeals represent a change in the law regarding the scope of ERISA preemption. *See, e.g., New York State Conference of Blue Cross & Blue Shield Plans v. Travelers Ins. Co.*, 514 U.S. 645 (1995); *California Div'n of Labor v. Dillingham*, 519 U.S. 316 (1997); *Associated Builders and Contractors v. Perry*, 115 F.3d 396 (6th Cir. 1997). Defendant DLEG contends that the basis for this Court's 1992 order no longer exists.

In filing its motion to dissolve, Defendant DLEG relies upon Federal Rule of Civil Procedure 60(b) alone. Similarly, the magistrate judge, in his report and recommendation of October 26, 2006, centered his analysis on the scope of that rule alone. On the basis of that rule, the magistrate judge concluded that Defendant DLEG failed to file its motion within a "reasonable time."

Federal Rule of Civil Procedure 60(b) is intended to apply to a wide range of parties and circumstances, and it could possibly provide relief in this instance. But that rule need not provide the sole possible avenue of relief. Other avenues may be available, dependent upon the characterization of the Court's remedy. In 1992, there was no reason for the Court to give precise attention to the prospective application of the order upon changes in federal law or its later interpretation. Rather, the Court reached a conclusion about the legal principles and declared the obligations of the parties under then-extant law.

An examination of the Court's earlier opinion and order, authored by a predecessor judge, reveals no suggestion that the Court intended to issue a prospective injunction against the State of Michigan's enforcement of its laws, in the event of a later change in the application of federal law. Regardless of the source of any such change, whether from Congress or the judiciary, nothing in the earlier opinion or order contemplates requiring the State of Michigan to continue "refrain[ing] from enforcing" its laws if federal law has changed. *Compare Schmidt v. Lessard*, 414 U.S. 473, 476 (1974) (requiring specific and reasonably detailed terms in injunctions). Indeed, nothing prohibits Defendants from seeking a further declaration, even if this Court were to find that Federal Rule of Civil Procedure 60(b) foreclosed Defendants from relief based on the instant filing.

The parties are directed to provide supplementary authority on whether the matter should be returned to the magistrate judge for attention on the merits, i.e., a possible conflict between the MEAA and the ERISA. In their supplemental briefing, the parties shall address whether the Court

should return the matter to the magistrate judge to consider dissolving the 1992 order (1) because no preemption exists because there is no longer a conflict between federal law and state law, *see generally Pacific Gas & Electric Co. v. State Energy Resource Conservation & Development Comm'n*, 461 U.S. 190, 203 (1983); and (2) because, in the absence of a conflict, federal courts have a continuing obligation to defer to the states on matters comprised exclusively of state law. *See CSX Transportation, Inc. v. Easterwood*, 507 U.S. 658, 663-664 (1993) ("In the interest of avoiding unintended encroachment on the authority of the States, . . . a court interpreting a federal statute pertaining to a subject traditionally governed by state law will be reluctant to find pre-emption.").

Accordingly, it is **ORDERED** that the parties are directed to file supplementary briefing on the above-described issues on or before **February 23, 2007**.

It is further **ORDERED** that a hearing is scheduled for argument on these issues on **March 15, 2007** at 2:00 p.m.

s/Thomas L. Ludington
THOMAS L. LUDINGTON
United States District Judge

Dated: January 17, 2007

**PROOF OF SERVICE**

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on January 17, 2007.

s/Tracy A. Jacobs
TRACY A. JACOBS